UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROAR SPIRITS, LLC,

             Plaintiff,

      v.

SUTTER HOME WINERY, INC.,

             Defendant.

Case No.  23-cv-04809-HSG

**ORDER GRANTING PLAINTIFF AND DEFENDANT'S JOINT MOTION TO SEAL AND GRANTING DEFENDANT'S MOTION TO SEAL**

Re: Dkt. No. 33, 36

Pending before the Court are Plaintiff and Defendant's joint administrative motion to file under seal filed in connection with the parties' stipulation to admit United States Patent and Trademark Office record ("Joint Stipulation), Dkt. No. 33, and Defendant's administrative motion to seal filed in connection with Defendant's motion for summary judgment. Dkt. No. 36.  For the reasons detailed below, the Court **GRANTS** the motions.

## I.    LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents.  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).  "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'"  *Id.* (quoting *Kamakana*, 447 F.3d at 1178).  "[A] strong presumption in favor of access is the starting point."  *Kamakana*, 447 F.3d at 1178 (quotations omitted).  To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events."  *Id.* at 1178–79 (quotations omitted).  "In general, 'compelling reasons' sufficient to outweigh the public's interest in

disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal "must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents . . . ." Civil L.R. 79-5(a). The party must further explain the interests that warrant sealing, the injury that will result if sealing is declined, and why a less restrictive alternative to sealing is not sufficient. *See* Civil L.R. 79-5(c).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

## II.    DISCUSSION

### A.    Joint Motion to Seal

The parties' joint motion to seal seeks to seal limited portions of a declaration from Robert Torkelson—Defendant's President and CEO—and Defendant's opposition brief, both of which

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    were submitted to the United States Patent and Trademark Office (USPTO) in connection with

2    Opposition No. 91268314 (the "Opposition").  Dkt. No. 32.  The joint motion to seal was filed in

3    connection with the parties' Joint Stipulation, which sought to admit into evidence the USPTO

4    record from the Opposition.  Dkt. Nos. 32, 33.  The Court denied the Joint Stipulation, explaining

5    "[n]o Court order is required with respect to an evidentiary stipulation between the parties

6    regarding admissibility."  Dkt. No. 34.  The parties' joint motion to seal remains pending.

7        Because the Joint Stipulation is a nondispositive motion and is "only tangentially related"

8    to the underlying cause of action, the Court applies the lower "good cause" standard.

9        First, the Court denied the Joint Stipulation, meaning the Court never substantively

10   considered the exhibits the parties seek to seal.  Where the court does not consider materials that a

11   party has requested to seal, the public's interest their disclosure is minimal since they do not aid

12   the public's understanding of judicial proceedings.  *See In re iPhone Application Litig.*, No. 11-

13   MD-02250- LHK, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013) ("The public's interest in

14   accessing these documents is even further diminished in light of the fact that the Court will not

15   have occasion to rule on [the relevant motion]."); *see also Economus v. City & Cty. of San*

16   *Francisco,* No. 18-CV-01071-HSG, 2019 WL 1483804, at *9 (N.D. Cal. Apr. 3, 2019) (finding

17   compelling reason to seal because the sealing request divulges sensitive information no longer

18   related to the case); *Doe v. City of San Diego*, No. 12- CV-689-MMA-DHB, 2014 WL 1921742,

19   at *4 (S.D. Cal. May 14, 2014) (exhibit's disclosure of personal information and irrelevance to the

20   matter are compelling reasons to seal the exhibit).  Such is the case here.

21       Second, the Torkelson declaration and opposition brief contain confidential financial

22   information related to Defendant's generated sales and marketing expenses, and this information,

23   if disclosed, could be used to the detriment of Defendant, a privately held company.[1]  Courts have

24   found that "sources of business information that might harm a litigant's competitive standing"

25   satisfy the more stringent "compelling reasons" standard.  *Ctr. For Auto Safety v. Chrysler, LLC*,

26   809 F.3d 1092, 1097 (9th Cir. 2016); *see also Algarin v. Maybelline, LLC*, 12-cv-3000-AJB

27

28   _____

[1] The Torkelson declaration and opposition brief contain the same confidential financial information.

3

United States District Court
Northern District of California

(DHB), 2014 WL 690410, *3-4 (S.D. Cal. Feb. 21, 2014) (finding compelling reasons where access to marketing and sales data "may result in improper use by competitors who may circumvent expending their own resources in obtaining the information"); *Rodman v. Safeway, Inc.*, No. 11-CV-03003-JST, 2013 WL 12320765, at *2 (N.D. Cal. Oct. 30, 2013) (finding sealable "internal information not otherwise made available" regarding business "transaction and customer data"). Defendant's confidential financial information therefore satisfies the "good cause" standard. Further, the parties' request is narrowly tailored and only seeks to seal portions of the Torkelson declaration and opposition brief containing confidential financial information.

Because the Torkelson declaration and opposition brief divulge confidential business information unrelated to the public's understanding of the judicial proceedings in this case, the Court finds the parties' have established good cause to file the documents under seal.

**B.    Defendant's Motion to Seal**

Defendant's motion to seal seeks to seal the same portions of the Torkelson declaration identified in the joint motion to seal.[2] Dkt. No. 36. Because the motion for summary judgment is dispositive and is more than "tangentially related" to the underlying action, the Court applies the "compelling reasons" standard.

As explained above, the Court finds the confidential information contained in the Torkelson declaration satisfies the "compelling reasons" standard. *See supra* Section II.A. Additionally, Defendant's proposed redactions "are the least restrictive [] to protect its confidential information and are narrowly tailored to seal only sealable materials as required by Civil Local Rule 79-5." Dkt. No. 36 at 3. Defendant's proposed redactions strike an appropriate balance between redacting financially sensitive information that could harm Defendant, while also providing the public with sufficient information to understand the contours of this dispute.

Because the Torkelson declaration divulges confidential business information unrelated to the public's understanding of the judicial proceedings in this case, the Court finds that Defendant has established compelling reasons to file the document under seal.

---

[2] Defendant only seeks to seal the Torkelson declaration. Dkt. No. 36. Defendant does not seek to seal the opposition brief identified in the joint motion to seal.

**III.    CONCLUSION**

The Court **GRANTS** the administrative motions to file under seal.  Dkt. Nos. 33, 36.

Pursuant to Civil Local Rule 79-5(g)(1), documents filed under seal as to which the administrative

motion is granted will remain under seal.

**IT IS SO ORDERED.**

Dated:     2/18/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge